Ambrose **MITCHELL**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 97–1915–PHX–PGR MS.**

United States District Court,
D. Arizona.

June 30, 1999.

Ambrose Mitchell, Beaver, WV, Pro se.

John Robert Mayfield, U.S. Attorney's Office, Phoenix, AZ, for Defendant.

## ORDER

ROSENBLATT, District Judge.

The following motions are pending before the Court: Plaintiff's Motion to Grant Subject Matter Jurisdiction (Doc. No. 25); Defendant's Motion for Summary Judgment (Doc. No. 26); Plaintiff's Motion to Grant Subject Matter Jurisdiction (Doc. No. 28); and Defendant's Motion to Strike Plaintiff's Further Response (Doc. No. 38).

## BACKGROUND

Plaintiff Ambrose Mitchell, currently incarcerated at FCI–Beaver, WV, filed a pro se complaint on September 15, 1997, against the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. (Doc. No. 1). Plaintiff alleges that on May 26, 1996, while housed at the Federal Correctional Institution of Phoenix, Arizona ("FCI–Phoenix"), four inmates entered Plaintiff's cell and assaulted him repeatedly until he became unconscious. Upon regaining consciousness, another inmate assisted Plaintiff in walking to the guards' office. Once there, an officer called for assistance, and ultimately, Plaintiff was transported to a hospital in Phoenix. Plaintiff suffered multiple injuries.

Plaintiff alleges four claims against the United States: I) negligence; II) assault; III) negligence per se; and IV) slip and fall. The core of Plaintiff's claims is that Defendant breached its duty to maintain a reasonably safe living area for Plaintiff, to have adequate staff supervising the area to prevent inmates from obtaining dangerous weapons, and to maintain emergency duress alarms in areas where supervision is impossible. Plaintiff also alleges that the possibility of an unprovoked assault was known to Defendant's agents and that De-

fendant took no precautionary measures to prevent such an event. Plaintiff states that Defendant's correctional service manual obligates Defendant to have officers supervising the area, and the failure to do so results in negligence per se.

On January 22, 1999, the Court denied Defendant's prior Motion for Summary Judgment without prejudice. (*See* Doc. No. 24). The Court determined that it could not address whether Defendant was negligent until it first determined whether it had subject matter jurisdiction to entertain the claim under the FTCA. The Court ordered Defendant to file a motion addressing whether the discretionary function exception to the FTCA bars this claim against the United States for lack of jurisdiction. Plaintiff responded to the Court's order by filing two duplicative motions asking the Court to grant subject matter jurisdiction under the FTCA. (Doc. Nos.25, 28). Defendant filed a motion for summary judgment on February 18, 1999, arguing that the discretionary function exception precludes Plaintiff's claim. (Doc. No. 26). Plaintiff responded on April 7, 1999, (Doc. No. 34), and Defendant filed a reply on April 21. (Doc. No. 35).

## DISCUSSION

### A. LEGAL STANDARD FOR SUMMARY JUDGMENT

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (1996); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994). Substantive law determines which facts are material. *Anderson v.*

*Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Jesinger,* 24 F.3d at 1130. In addition, "[o]nly those disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see also Jesinger,* 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548; *see also Citadel Holding Corp. v. Roven,* 26 F.3d 960, 964 (9th Cir.1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir.1995). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. However, "[t]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in

his favor." *Id.* at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

## B. ANALYSIS

### *1. FTCA Claim*

Under the Federal Tort Claims Act ("FTCA"), Congress authorized suits against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable ...." 28 U.S.C. § 1346(b). However, "[w]hile the FTCA on its face is a 'broad waiver' of sovereign immunity that provides for governmental liability commensurate with that of private parties, its waiver of immunity is far from absolute." *Calderon v. United States,* 123 F.3d 947, 948 (7th Cir.1997). For example, the FTCA does not waive immunity when a claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "This discretionary function exception to the FTCA 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" *Dykstra v. United States Bureau of Prisons,* 140 F.3d 791, 795 (8th Cir.1998) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 808, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984)). Congress believed that imposing liability on the government for its employees' dis-

cretionary acts "would seriously handicap efficient governmental operations." *Varig Airlines*, 467 U.S. at 814, 104 S.Ct. 2755. Therefore, the purpose of the discretionary function exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). "To the extent an alleged act falls within the discretionary function exception, a court lacks subject matter jurisdiction." *Dykstra*, 140 F.3d at 795; *see also Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir.1998).

The Supreme Court applies a two-part test to determine whether an act is discretionary and falls within the discretionary function exception to the FTCA. *See Berkovitz v. United States*, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). First, the exception bars claims based on decisions made at the policy or planning level. This includes claims based on "day-to-day management decisions if those decisions require judgment as to which range of permissible courses is wisest." *Fazi v. United States*, 935 F.2d 535, 538 (2d Cir. 1991) (citing *Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335). Second, even when an element of judgment or choice is involved, the judgment must be based on considerations of public policy. *Gaubert*, 499 U.S. at 323, 111 S.Ct. 1267.

Here, the Court finds that Plaintiff's claim is barred by the discretionary function exception to the FTCA. Decisions by governmental officials as to the day-to-day security needs of a prison, including the number of guards to employ to supervise a given area, where to place emergency alarms, and tactical choices made surrounding the movement of inmates within the institutions are judgment calls and choices based on policy determinations that seek to accommodate "safety [goals]

and the reality of finite agency resources." *See Varig Airlines*, 467 U.S. at 820, 104 S.Ct. 2755. As such, they fall within the realm of discretionary governmental decisions that Congress intended to protect from exposure to suit by private individuals. *Id.* at 808, 104 S.Ct. 2755. Judges should not "freely substitute their judgment for that of [prison] officials who have made a considered choice." *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). *See also Cohen v. United States*, 151 F.3d 1338, 1345 (11th Cir.1998) (discretionary function exception precludes suit based on allegedly improper decisions in classifying prisoners and placing them in institutions, even if result is one inmate attacking another inmate); *Calderon v. United States*, 123 F.3d 947 (7th Cir.1997) (discretionary function exception precludes FTCA claim by federal prison inmate injured in assault by another inmate). "Balancing the need to provide inmate security with the rights of the inmates to circulate and socialize within the prison involves considerations based upon public policy." *Calderon*, 123 F.3d at 951 (citing *Bell v. Wolfish*, 441 U.S. 520, 547–48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (holding that prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security)).

Plaintiff argues that Defendant's decisions did not involve an element of judgment or choice because officials have no discretion to not follow security rules. Plaintiff argues that he was attacked by inmates who were "out of bounds" and that the security officers should not have allowed the other inmates to enter Plaintiff's housing unit. But as the Court discussed above, day-to-day security considerations, including rules about who can and cannot enter a housing unit, are precisely the type

of policy decisions that are within the discretion of Defendant. Because the Court finds that the decisions involved here were discretionary and that the discretion was grounded in public policy considerations, the discretionary function exception to the FTCA protects Defendant from suit, even if Defendant abused its discretion or was negligent in the performance of its discretionary function. *See Calderon,* 123 F.3d at 951. Accordingly, because the Court is without subject matter jurisdiction in this case, the Court will dismiss Plaintiff's claim.

### 2. Other Pending Motions

#### a. Plaintiff's Motions to Grant Subject Matter Jurisdiction

On February 22, 1999, and March 3, 1999, Plaintiff filed motions entitled "Motion to Grant Subject Matter Jurisdiction." (Doc. Nos. 25, 28, respectively). After reviewing both motions, the Court finds that Document Number 28 is duplicative of Document Number 25 and will be denied as such. The Court further finds that in light of the Court's ruling that it lacks subject matter jurisdiction under the discretionary function of the FTCA, the Court will deny Plaintiff's motion (Doc. No. 25) as moot.

#### b. Defendant's Motion to Strike

On May 5, 1999, Plaintiff filed a document entitled "Response to the Government's Reply to Plaintiff's Response to Motion for Summary Judgment." (*See* Doc. No. 36). Defendant moved to strike Plaintiff's "further response" on May 13, 1999, on the ground that it is not in accordance with the federal or local rules. The Court agrees. The rules provide for a motion, a response, and a reply. Plaintiff did not and has not sought leave to file a response to a reply. Accordingly, the Court will grant Defendant's Motion to Strike and will direct the Clerk of Court to strike Document Number 36 from the record.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 26) is granted. The Clerk of Court is directed to dismiss the complaint and action in its entirety and to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Grant Subject Matter Jurisdiction (Doc. No. 25) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Grant Subject Matter Jurisdiction (Doc. No. 28) is denied as duplicative.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Further Response (Doc. No. 38) is granted. The Clerk of Court is directed to strike Document Number 36 from the record.